# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF NEW YORK

**UNITED STATES OF AMERICA,**

-vs-

**MATTHEW F. KUBICK,**

    Defendant.

Criminal No. 07-CR-546 (FJS)

## PRELIMINARY ORDER OF FORFEITURE

**IT IS HEREBY ORDERED THAT:**

1. As the result of defendant's guilty plea to Counts 1 and 2 of Indictment No. 07-CR-546, for which the Government sought forfeiture pursuant to 21 U.S.C. §853; and the defendant's admissions of the forfeiture allegation set forth in the Indictment, defendant shall forfeit to the United States all his interest in properties that were used to facilitate and/or constituted proceeds generated by his narcotics activities, pursuant to 21 U.S.C. §§841, 853 and 18 U.S.C. §922 as alleged in Indictment No. 07-CR-546; and

2. The Court has determined that, based upon the defendant's plea and written Plea Agreement, defendant's interest in the following specific properties is subject to forfeiture as a result of the defendant's guilty plea and admissions of the illegal acts alleged in Counts 1 and 2 of Indictment No. 07-CR-200, and for which the Government has established the requisite nexus between such property and such offenses:

A. **Currency:**

  $11,375.00 in U.S. currency

B. **Real Property:**

Premises and real property with appurtenances thereon located at **4825 Highmarket Road, Constableville, New York, 13325, in the Town of West Turin, County of Lewis,** more particularly described in a Deed dated May 26, 2004 and recorded in the Lewis County Clerk's Office on July 30, 2004 in Instrument Number 2004-02429 as follows:

### PARCEL ONE

ALL THAT TRACT OR PARCEL OF LAND situate in the Town of West Turin, County of Lewis and State of New York, bounded and described as follows: Also all that certain part of Lots No. 99 and 100 aforesaid, bounded as follows: Beginning at the S.E. corner of land deeded to Samuel R. Higby June 10, 1873 and running thence S. 52 ½ degrees E. 28 chains 68 links; thence S. 37 ½ degrees W. 7 chains 22 links; thence S. 52 ½ degrees E. 22 chains 60 links; thence S. 37 ½ degrees W. 1 chain 25 links; thence N. 52 ½ degrees W. 56 chains 38 links; thence N. 37 ½ degrees E. 8 chains 57 links to a beach on the S. line of said deeded land; thence along the same S. 52 ½ degrees E. 5 chains to the place of beginning, containing 31.84 acres of land, more or less. Excepting from the above 2.26 acres heretofore deed by Joseph D. Markham and wife to Enos Andrus.

Excepting therefrom all that tract or parcel of land situate in the Town of West Turin, County of Lewis and State of New York bounded and described as follows: Beginning at the N.E. corner of the above described premises; thence westerly along the N. Line of said premises 173 yards to a creek; thence southerly along said creek as it winds and turns to the southerly line of the said above described premises; thence easterly 115 yards to a point; thence northerly 280 yards, more or less, to the point or place of beginning.

Being the same premises described in a deed from Sarah M. Gydesen to Nelson Gydesen and Carol Gydesen, which deed was dated January 12, 1979 and was recorded in the Lewis County Clerk's Office on February 20, 1979 in Book 396 of Deeds at Page 161.

**PARCEL TWO**

ALL THAT CERTAIN PIECE OR PARCEL OF LAND situate in the Town of West Turin, County of Lewis and State of New York, being a portion of Lots 16 & 24 of Township No. 3 and being a portion of the 78.66 acre parcel conveyed to Abram W. Metzler and Grace A. Metzler by Stephen H. and Phyllis A. Young by deed dated March 8, 1976 and recorded in the Lewis County Clerk's Office in Liber 362 of Deeds at Page 168, and said parcel being bounded and described as follows:

Beginning at the most northerly corner of the 17.63 acre parcel conveyed to Nelson Gydesen and Carol M. Gydesen by John Claron Markham by deed dated March 17, 1967 and recorded in the Lewis County Clerk's Office March 24, 1967 in Liber 295 of Deeds at Page 146, said corner being on the southeasterly boundary of the aforementioned 78.66 acre parcel, also being the southeasterly boundary of Lot 24;

Thence from said point of beginning S. 37 degrees 30 minutes W. along the southeasterly boundary of the said 78.66 acre parcel, also being the southeasterly boundary of Lot 24 and then Lot 16, a distance of about 2700' to the intersection of said boundary with the centerline of the present surface of the Highmarket Road;
Thence in a westerly direction along the centerline of the present surface of the Highmarket Road, a distance of about 85 feet to a point 60.00' distant measured at right angles from the aforementioned southeasterly boundary of the said 78.66 acre parcel;

Thence N. 37 degrees 30 minutes E. parallel with and 60.00 feet northwesterly from the southeasterly boundary of said 78.66 acre parcel, a distance of about 2760 feet to a point;

Thence S. 52 degrees 30 minutes E., a distance of 60.00 feet to the point of beginning, containing about 3.76 acres of land.

Being the same premises described in a deed from Abram W. Metzler and Grace A. Metzler to Nelson Gydesen and Carol Gydesen, which deed was dated October 26, 1987 and was recorded in the Lewis

County Clerk's Office on January 26, 1988 in Book 491 of deeds at Page 14.

ALSO, all that certain part of lot No. 99 in said township No. 4 bounded as follows, viz: Beginning at the S.W. corner of said lot No. 99 and running thence N. 37 ½ degrees E. 13 chains 57 links to land deeded to Samuel P. Higby; thence S. 52 ½ degrees E. 13 chains; thence S. 37 ½ degrees W. 13 chains 57 links; thence N. 52 ½ degrees W. 13 chains to the place of beginning, containing 17 and 63/100 acres of land.

ALSO, ALL THAT CERTAIN OTHER PART of said lot No. 99, bounded as follows: viz: Beginning S. 52 ½ degrees E. 5 chains from the N.E. corner of said last piece of land above described and running thence N. 37 ½ degrees E. 5 chains 30 links; thence S. 52 ½ degrees E. 7 chains 80 links; thence S. 37 ½ degrees W. 5 chains 30 links; thence N. 52 ½ degrees W. 7 chains 80 links to the place of beginning, containing 4 and 14/100 acres of land.

Being the same premises described in a deed from John Claron Markham to Nelson Gydesen and Carol M. Gydesen, which deed was dated March 17, 1967 and was recorded in the Lewis County Clerk's Office on March 23, 1967 in Book 295 of Deeds at Page 146.

ALSO ALL THAT CERTAIN PIECE OR PARCEL OF LAND situate in the Town of West Turin, County of Lewis and State of New York, being a part of Lot 99 in Township 4, and being a portion of the 30 acre parcel of land described in a deed to John Klossner and Janice Klossner by Carl McGovern by deed dated October 21, 1968 and recorded in the Lewis County Clerk's Office in Liber 303 of Deeds at Page 285, and said portion being bounded and described as follows:

Beginning at the most northerly corner of said 30 acre parcel, said corner also being the most westerly corner of the 31.84 acre parcel of land described in a deed to Nelson Gydesen and Carol Gydesen by Peter Gydesen and Sarah Gydesen by deed dated October 10, 1968 and recorded in the Lewis County Clerk's Office October 11, 1968 in Liber 303 of Deeds at Page 149;

Thence from said point of beginning S. 52 degrees 30 minutes E. along the division line between the 30 acre parcel, on the south, and the 31.84 acre parcel on the north, a distance of about 1770 feet to the centerline of a small creek, said creek being the westerly boundary of

the last parcel mentioned in the aforementioned deed to Klossner.

Thence in a southerly direction along the centerline of the said creek, a distance of about 340 feet to the southwesterly boundary of the said 30 acre parcel, said southwesterly boundary being the southwesterly boundary of Lot 99;

Thence N. 52 degrees 30 minutes W., along the southwesterly boundary of the said 30 acre parcel, also being the southwesterly boundary of Lot 99, a distance of about 1856' to the most westerly corner of said 30 acre parcel;

Thence N. 37 degrees 30' E. along the northwesterly boundary of the said 30 acre parcel, a distance of 330 feet to the point of beginning containing about 13.7 acres of land.

Being the same premises described in a deed from John Klossner and Janice Klossner to Nelson Gydesen and Carol Gydesen, which deed was dated January 14, 1987 and was recorded in the Lewis County Clerk's Office on March 3, 1987 in Book 479 of Deeds at Page 84.

**PARCEL THREE**

Also granting and conveying all that certain Right of Way conveyed to Nelson Gydesen and Carol Gydesen from John Klossner and Janice Klossner, which deed was dated October 22, 1968 and was recorded in the Lewis County Clerk's office on October 24, 1968 in Book 303 of Deeds at Page 290.

3. Upon the entry of this Order, the United States Attorney General or his designated representative, is authorized to seize the properties set forth above which are subject to forfeiture.

4. Upon entry of this Order, the United States is authorized to conduct any discovery proper in identifying, locating or disposing of the properties subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

5. Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

6. The United States shall publish notice of this Order and its intent to dispose of the properties in such manner as the United States Attorney General or his representatives, may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject properties.

7. Any person, other than the above-named defendant, asserting a legal interest in the subject properties may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of their alleged interest in the subject properties, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. §853(n)(6).

8. Any petition filed by a third party asserting an interest in the subject properties shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the subject properties, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject properties, any additional facts supporting the petitioner's claim, and the relief sought.

9. After the disposition of any motion filed under Federal Rules of Criminal Procedure 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the subject properties following the Court's disposition of all third-party interests or, if none, following the expiration of the period provided in §853(n)(2) for the filing of third party petitions.

11. Pursuant to Federal Rules of Criminal Procedure 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing or before sentencing if the

defendant consents and shall be made part of the sentence and included in the judgment. If no third party files a claim, this Order shall become a Final Order of Forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2).

12. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rules of Criminal Procedure 32.2(e).

13. The Clerk of the Court shall forward six certified copies of this order to Assistant U.S. Attorney, Carla Freedman, U.S. Attorney's Office for the Northern District of New York, P.O. Box 7198, 100 South Clinton Street, Syracuse, NY 13261-7198.

Dated: May 29, 2008
Syracuse, New York

SO ORDERED:

HONORABLE FREDERICK J. SCULLIN, JR.
SENIOR UNITED STATES DISTRICT JUDGE